UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY JONES, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>TULARE COUNTY, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-01779-EPG<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AS TO PLAINTIFF JONES,<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AS TO PLAINTIFF FABRICIUS;<br><br>ORDER GRANTING PLAINTIFF FABRICIUS THIRTY DAYS TO FILE AN AMENDED COMPLAINT;<br><br>ORDER DENYING MOTION FOR RULE 11(B) SANCTIONS<br><br>(ECF Nos. 34, 37)<br><br>THIRTY DAY DEADLINE |

**I.    INTRODUCTION**

This case concerns two plaintiffs, Wendy Jones and William Fabricius, both of whom had animals seized and subsequently declared "vicious" by Tulare County, California officials. Plaintiffs challenged the seizure in various administrative and state court proceedings. Those proceedings upheld the finding that Plaintiff Jones' dog was vicious. Plaintiff Jones declined to appeal her adverse state court judgment to a state appellate review. In contrast, the administrative

proceedings ultimately reversed the finding that Plaintiff Fabricius' dogs were vicious and permitted Plaintiff Fabricius to obtain return of his animals upon compliance with Tulare Code health and safety codes. Plaintiff Fabricius also filed a state court action, whose outcome is unknown to this Court.

Plaintiffs filed a combined lawsuit in federal court, challenging various actions regarding their animals as unconstitutional under various provisions and asking for damages and return of their animals. Plaintiffs have sued twenty-four defendants under all eleven causes of action.

Now before this Court is Defendants' motion to dismiss the lawsuit and request for sanctions, which argued in part that this Court's adjudication is barred by the *Rooker-Feldman* doctrine because it is an impermissible attempt to appeal a state court proceeding in federal court. Defendants also claim that Plaintiffs should be sanctioned for misleading the Court.

**II.     PROCEDURAL BACKGROUND**

Plaintiffs Wendy Jones, William Fabricius and Brian Jones filed their original complaint in this case on November 24, 2015. (ECF No. 1) Although Plaintiffs are represented by an attorney, Christine Louise Garcia, they moved to proceed *in forma pauperis*, which was granted. (ECF No. 8). Plaintiff Brian Jones voluntarily dismissed the case on May 16, 2016, (ECF No. 18), and Wendy Jones and William Fabricius ("Plaintiffs") remained as defendants.

The First Amended Complaint ("FAC") was filed on May 13, 2016. (ECF No. 17.) It names the following twenty-four (24) defendants: Tulare County ("TC"), California, Tulare County Sheriff's Office, Tulare County Animal Control ("TC AC"), Tulare County Animal Control Officer ("TC ACO") Paul Grenseman, TC ACO Oren Hartley, TC ACO Jeffrey Lewis, TC ACO Larry Hernandez, TC ACO Carothers, TC ACO Lutz, TC ACO Director Dirkson, TC Deputy Sheriff Sergeant Torres, Sheriff Deputy Yandell, Sheriff Deputy Young, Sergeant Wallace, and Doe Defendants 1-10 ("Defendants").

Defendants responded to the FAC by filing a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on July 5, 2016, arguing, among other things, that the case was frivolous and was barred by the *Rooker-Feldman* doctrine. (ECF No. 34.) At the same time, the defendants filed request for judicial notice of certain facts related to

the underlying administrative and state court proceedings concerning this case pursuant to Rule 201 of the Federal Rules of Evidence. (ECF No. 33.)  On August 1, 2016, the defendants filed a motion for sanctions under Federal Rule of Civil Procedure Rule 11(b). (ECF No. 37.)  Plaintiffs filed an opposition to the motion to dismiss on August 2, 2016 (ECF No. 38), and an opposition to the motion for sanctions on August 22, 2016 (ECF No. 41).  Replies in support of the motions to dismiss and for sanctions were filed by the defendants on August 26, 2016. (ECF Nos. 42-43.)  The Court held a motion hearing on both pending motions on October 7, 2016. (ECF No. 50.)

### III.     ALLEGATIONS IN FIRST AMENDED COMPLAINT

The FAC contains two sets of factual allegations regarding completely separate proceedings involving the seizure of animals in Tulare County.

One set of factual allegations pertains to Wendy Jones and her dog, Clyde, and the other pertains to William Fabricius and his dogs.  Both sets of allegations describe a series of incidents and interactions between the plaintiffs and Tulare County officials concerning dogs that were seized and initially found to be vicious animals (although that finding appears to have been reversed as to Mr. Fabricius' animals).

#### A.    Plaintiff Wendy Jones

On October 28, 2014, Jones' grandson, a toddler, was injured by a dog bite from Clyde, described by the plaintiffs as a "family companion animal," in the Jones' residence in Tulare County, California.  The following day, the animal was quarantined at the request of TCAC officer Hartley pending the outcome of a vicious animal hearing.  On October 30, a California Child Protective Services agent came to the Jones' home to follow up on the dog bite incident.  Jones agreed that she would kennel the dog whenever the baby was in the home.

A Tulare County HHSA vicious animal hearing occurred before hearing officer Agnello on November 13, 2014.  Jones thereafter voiced concerns regarding the hearing procedure and qualifications of the hearing officers to HHSA financial director Timothy Lutz.  A couple days later, Jones received notice that the November 13 vicious animal hearing was invalidated and would be rescheduled.  The rescheduled hearing occurred in early December before hearing officer Dale R. Bruder, an attorney.  It was held that Clyde was vicious and should be euthanized.

On December 12, 2014, Jones appealed the Tulare County HHSA judgment finding that Clyde was vicious. The appeal hearing took place before hearing officer Hornburg on December 23, 2014. The appeal was denied on December 31, 2014, and the judgment that Clyde was vicious and should be euthanized was upheld.

In a series of events that became the subject of local news media coverage, Clyde disappeared from the custody of TCAC on January 4, 2015 shortly before he was set to be euthanized.

The FAC mentions that on January 9, 2015, Jones filed a petition for a writ of administrative mandamus pursuant to California Code of Civil Procedure ("CCP") § 1094.5. It does not include any further information about the state court proceedings.

### A. Plaintiff William Fabricius

Mr. Fabricius is a landowner and resident of Tulare County, California. In 2013, Fabricius' Tulare County land was zoned for 50 quadrupeds, meaning animals with four feet such as dogs or sheep. On April 27, 2013, a Tulare County Animal Control ("TCAC") officer by the name of Jeffrey Lewis entered Fabricius' land without a warrant intending to seize eight of Fabricius' black dogs. Fabricius asked Lewis to leave his property and Lewis complied. Lewis called for the assistance of the Tulare County Sheriff's Office ("TCSO") and reentered Fabricius' property. Assisted by TCSO police officer McLean, the eight black dogs were seized while Fabricius was detained on the property in handcuffs for over two hours. Fabricius watched as Lewis tranquilized his dogs and dragged them by their neck into his vehicle. All eight dogs were subsequently euthanized.

The next incident occurred on October 17, 2013, when ranchers John and Matt Floyd reported to Tulare County officials that they witnessed Fabricius' dogs in vicinity of down (i.e. disabled or deceased) calves. An abatement/inspection and animal seizure warrant for approximately 25 dogs was obtained by Tulare County officials and signed by a state court judge on October 21, 2013. The following day, four TCAC officers and three TCSO police officers entered Fabricius' property and seized approximately 25 dogs. Fabricius requested a copy of the

supporting affidavit to the search and seizure warrant, but was told that he would receive it at a later time.

Fabricius challenged the actions of the Tulare County officials by filing an appeal with Health and Human Services Agency ("HHSA") of Tulare County. Three HHSA hearings concerning Frabricius' seized animals occurred before hearing officer Agnello on November 25, 2013, December 18, 2013, and January 15, 2014. Agnello denied return of the animals. Frabricius initiated another appeal of that judgment, which was heard by Tulare County hearing officer Thomas Hornburg on March 18, 2014. A subsequent appeal hearing was held on June 20, 2014. The 25 animals were ultimately euthanized by injection. (ECF No. 17, p. 10 ¶ 30.)

The FAC does not mention any state court filings involving Mr. Fabricius. The FAC also does not mention that an administrative appeal ultimately found that his dogs were not vicious and permitted Fabricius to request return of the dogs upon compliance with certain health codes.

### B. Causes of Action and Requests for Relief

Plaintiffs attempt to assert eleven causes of action:

1. Violation of the First Amendment "by failing to enforce the provisions of the United States of America Constitution and/or the United States Constitution concerning the freedom of speech and the freedom of the press encompassing due process in that notice of defendant's actions were not provided to the plaintiffs was completely lacking and wanting of due process especially the right of the freedom of speech and the freedom of press . . . ."

2. Violations of the Fourth Amendment by "unlawfully and illegally seizing the Animals without a warrant and determining that they should not be returned . . . ."

3. Freedom of Information Act, alleging the "failure of the Country of Tulare to respond to Fabricius' County reports constituted a violation of Plaintiff Fabricius' Freedom of Information."

4. Fraud on the Court by the Sheriff, on ground that the "seizure abatement and inspection warrant that was served upon Fabricius lacked a verified affidavit."

5. Due Process Violation of Policy of Hiring Unqualified Animal Hearing Officers, arguing that the "hearing officers Hornburg, Agnello and Bruder were not fair and impartial hearing officers. The hearing officers failed to allow Plaintiffs to have a fair and impartial hearing. The hearing officers were appointed by the Board of Supervisors and also paid by the County of Tulare."

6. Injunctive Relief, requesting "injunctive relief, both preliminary and permanent, enjoining Defendants from continuing their possession of The Animals . . ." among other things.

7. "Unconstitutional as Applied," claiming that the "standard of proof that should be applied to a pre-seizure hearing is 'clear and convincing,' with the burden of proving each element, on the County, given the quasi-criminal nature of this predicate hearing and forfeiture of the Animals."

8. Violation of the Fourteenth Amendment, claiming that "TULARE COUNTY policy, practice, rules and/or procedures of taking animals first and then offering a post-seizure hearing with a low burden of proof are in violation of Plaintiff's right to equal protection of the law and equal justice under the law . . . ."

9. Violation of Due Process, "by depriving plaintiff of a constitutionally guaranteed right to confront witness against them and depriving plaintiff of the clear and convincing standard of proof against them . . . ."

10. "Unconstitutional Acts," claiming "unlawful and illegal acts of the defendants and each of them," with the result that "Plaintiff was deprived of his rights to due process under law, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution."

11. Declaratory Relief, requesting entry of "summary judgment and directed verdict declaring the rights and other legal and lawful relations of the parties hereto as to said controversies."

In the prayer for relief, Plaintiffs request an injunction "prohibiting Defendants from maintaining possession of the The Animals and returning The Animals to their rightful owner," costs, and "immediate return in good health of their animals . . . ." Plaintiffs also request numerous declarations that various acts by Defendants were illegal and unconstitutional.

## IV.  JUDICIAL NOTICE OF STATE COURT APPEALS

The defendants request that the Court take judicial notice of several documents related to the underlying state court proceedings and to the subject matter of the FAC. (ECF No. 33.) Courts may take judicial notice of facts "not subject to reasonable dispute" when they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. The plaintiffs did not object to the request for judicial notice. With respect to

the Rule 12(b)(6) motion to dismiss, the defendants' request for judicial notice is granted to the extent the documents reflect the existence of a another court's opinion, but not for the truth of the facts recited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (citation omitted).

### A. Plaintiff Jones' Underlying State Court Proceedings

Documents submitted in Defendants' request for judicial notice include the lengthy records from underlying administrative and state court proceedings regarding Plaintiff Jones and her dog, Clyde.

Exhibit 9 to the request for judicial notice is a document from Vicious Animal Hearing, which took place on December 4, 2014, which is an eleven page decision finding that Clyde is a dangerous animal and should be humanely euthanized. (ECF No. 33-9.) The decision ends with an explanation of appellate rights, specifically "[p]ursuant to Tulare County Ordinance No. 4-07-1300(a) entitled, 'Appeal,' the owner may appeal the hearing officer's decision to the director of Health and Human Services, by filing a written appeal in the office of the Director of Administrative Services."

Exhibit 10 is the Appeal of Decision from Vicious Hearing Regarding "Clyde." (ECF No. 33-10.) Exhibit 11 reflects an appeal hearing was set for December 23, 2014 (ECF No. 33-11), Exhibit 12 is the reporter's transcript and exhibits from that hearing (ECF No. 33-12), and Exhibit 13 is the notice of decision on appeal issued by the Tulare County Board of Supervisors (ECF No. 33-13).

Exhibit 15 includes documents regarding the petition for writ of administrative mandamus and traditional mandamus filed in the Superior Court of California by Wendy and Brian Jones. (ECF No. 33-15.) Exhibit 16 includes documents from the appeal to the Court of Appeals, 5th Appellate District by Wendy Jones. (ECF No. 33-16.) Exhibit 17 includes court records indicating that the appellate petition for writ was denied on the ground that "Petition has an adequate remedy at law, and must first seek relief from the superior court with original jurisdiction over this case." (ECF No. 33-17.) Exhibit 18 is a post hearing correction of record before the Superior Court of California. (ECF No. 33-18.)

Exhibit 19 is what appears to be the Superior Court of California's ultimate ruling on the petition for writ of administrative and traditional mandamus, denying both in an 8 page reasoned decision. (ECF No. 33-19.) That decision includes a review of evidence supporting the ruling that Clyde was a dangerous animal, including the following summary of the Court's standard of review and conclusion:

> Here, where the subject matter of the Jones' writ petition involves the County of Tulare's taking of a vested property right of Mr. Jones, i.e., a dog that he owns, and the potential euthanasia of this animal, due process requires that the court exercise its independent judgment upon the evidence offered during the administrative hearing of this case in a limited trial de novo.
> From a review of the evidence that the Joneses and the County of Tulare submitted at the administrative hearing of this case, the Court finds that Clyde should be deemed to be a 'dangerous animal' within the criteria set forth in Tulare County Ordinance Code . . . .

(*Id*. at 5.) It is worth noting that the State Court also rejected an argument that the requirement to pay an administrative hearing fee was "unconstitutional." (*Id*. at 7.)

### B. Plaintiff Fabricius' Underlying State Court Proceedings

The request for judicial notice also included judicial documents regarding Mr. Fabricius' animals. Exhibit 21 is the County of Tulare's Application of Inspection/Abatement and Seizure Warrant filed with the Superior Court of the State of California, County of Tulare on October 21, 2013. (ECF No. 33-21.) Exhibits 22, 24, and 26 are reporters' transcripts from hearings that appear to have taken place at the Tulare County Government Center. (ECF Nos. 33-22, 33-24, 33-26.) Exhibit 25 is a decision of the Tulare County Animal Control Vicious Dog Hearing against Mr. Fabricius. (ECF No. 33-25.)

Exhibit 23 is a 49-page complaint by Mr. Fabricius filed in the Tulare County Superior Court against County of Tulare, Public Health Department as Defendants. (ECF No. 33-23.) In that complaint, Plaintiff Fabricius claims in part that "Defendants have trespassed upon Claimant's land; rights of ownership; right to due process to include 'equal protection' and 'immunities and privileges' under the laws this State, one of the United States." (*Id*. at 48) (internal sub-letters omitted).

Exhibit 27 is an opinion from an Appeal of the Administrative Hearing. (ECF No. 33-27.) Notably, the appeal finds that "the burden of proof has not been satisfied and that there is no connection between the twenty-five (25) subject dogs were in any way in connection with the slaughtering of the Flynns' calves." However, the appeal hearing officer found that "at the hearing, and at the prior hearing, evidence was provided which raised serious concerns over Mr. Fabricius and his ability to care for, handle and maintain the animals." The hearing officer then found that "each of your twenty-five (25) dogs are not vicious/dangerous animals. Your dogs' current license will be revoked and new licenses will be issued and your dogs will be returned to you provided the following conditions are met." The hearing officer then listed conditions including that "your dogs must be kept current on all shots and licensing," and other health and safety requirements including abiding by the Tulare County Ordinance Code.  The opinion provided a method for Mr. Fabricius to "contact Tulare County Animal Control to arrange for the return of your dogs to your custody." The opinion concluded by explaining that "judicial review of a decision of the Director of Administrative Services made after a hearing pursuant of this section shall be pursuant to section 1094.6 of the California Code of Civil Procedure . . . ."

The final exhibit, 29, reflects a case management conference from the Superior Court of California, County of Tulare, for a case management conference stating that "there are no actions pending in this case. If an issue arises between the parties then the parties shall seek out an order from the Court." (ECF No. 33-29.) No party has explained what if any outcome resulted from Mr. Fabricius' state court case.

**V.     LEGAL STANDARD – RULE 12 MOTION TO DISMISS**

Defendants have filed a combined Rule 12(b)(1) and 12(b)(6) motion to dismiss. A Rule 12(b)(1) motion to dismiss is a challenge to the court's subject matter jurisdiction. *See* FED. R. CIV. P. 12 (b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. "By contrast, in a

factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

Here, the defendants' Rule 12(b)(1) motion to dismiss is a factual attack because the argument relies upon extrinsic evidence. *See White*, 227 F.3d at 1242. In a factual attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *Id*. (citations omitted). Furthermore, a court "need not presume the truthfulness of the plaintiffs' allegations." *Id*. (citing MOORE'S FEDERAL PRACTICE ¶ 12.30[4], at 12–38).

A motion to dismiss filed pursuant to Rule 12(b)(6) tests legal sufficiency of a claim for relief. *See* FED. R. CIV. P. 12 (b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). Legally conclusory statements, when unsupported by actual factual allegations, need not be accepted. *Ashcroft*, 556 U.S. at 678-79. A court may, however, consider documents other than the complaint when they are judicially noticeable under Federal Rule of Evidence 201 or where "no party questions their authenticity and the complaint relies on those documents." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

**VI.   DISCUSSION**

    A. Legal Standard - The *Rooker-Feldman* Doctrine

The defendants argue that this case must be dismissed because the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine has evolved from the two Supreme Court cases from which its name is derived. *Kougasian v. TMSL,*

*Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). "Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Id*.

*Rooker-Feldman* applies even when the state-court judgment is not made by the highest state court, and when the challenge to the state court's actions involves federal constitutional issues. *Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the '*de facto* equivalent*' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel*, 341 F.3d at 1155). In a "*de facto*" appeal, a "state-court loser" invites district court review and rejection of a state court judgment. *See Scheer v. Kelly*, 817 F.3d 1183, 1186 (9th Cir. 2016), *cert. denied*, (U.S. Oct. 3, 2016) (citing *Skinner v. Switzer*, 562 U.S. 521, 532, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005))). "The *Rooker–Feldman* doctrine applies to such challenges, even where the relevant state court decision is a denial of discretionary review." *Id*. (citing *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1355 n. 3 (9th Cir. 1998)).

In analyzing whether a plaintiff is attempting to bring a "forbidden *de facto* appeal," the court determines whether a plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel*, 341 F.3d at 1164. If that is the case, a plaintiff is also precluded from litigating any issues that are "inextricably intertwined" with the state court judicial decision from which the forbidden *de facto* appeal is taken. *Id*. at 1165; *Kougasian*, 359 F.3d at 1142 (citing *Noel*, 341 F.3d at 1166); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the

11

application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. *See Feldman*, 460 U.S. at 483 n. 16 & 485, 103 S.Ct. 1303.").

### B. Application of *Rooker-Feldman* to this case

Defendants claim that Plaintiffs' case is barred by the *Rooker-Feldman* doctrine because "it is clear Plaintiffs' seek to improperly litigate issues already raised and decided as evidenced by the Exhibits to this Motion.  Because Plaintiffs' seek a forbidden *de facto* appeal, their Complaint should be dismissed without leave to amend." (Motion to Dismiss, ECF No. 34 at 19.)

In response, Plaintiffs argue that *Rooker-Feldman* does not apply because "1) the claims are against the existing statute and policy and practice of Tulare County for which the cases are ripe and 2) these claims are not re-litigated from the CCP 1094.5 administrative writ." (ECF No. 38 at 17.)

The *Rooker-Feldman* doctrine presents a gating issue for this Court because it determines whether this Court should rule on any arguments challenging the seizure of Plaintiffs' animals or the constitutionality of the proceedings below.  With this in mind, the Court has frankly struggled with understanding the scope of this case and its relationship to state court proceedings. Plaintiffs' complaint is exceedingly difficult to understand.  The causes of action, summarized above, appear to be a list of multiple constitutional provisions strung together without adequate tie to facts or procedure.  There is no explanation for how each of the twenty-four defendants allegedly infringed Plaintiff's rights or are related to individual causes of action.

The FAC also provides almost no information regarding the underlying state court proceedings.  The FAC merely describes how the Jones' filed a petition for writ of administrative mandamus on January 9, 2015, but does not describe the outcome of that proceeding or how this proceeding relates to those.  It entirely omits the state court case involving Mr. Fabricius.  It also does not describe that Mr. Fabricius already received a decision that his dogs were not vicious and holding that he merely had to comply with health and safety codes in order to obtain their return.  It is entirely unclear whether Mr. Fabricius requested the return of his animals after receiving this favorable ruling.

The Court attempted to untangle these issues at oral argument. The Court began the hearing with a review of the *Rooker-Feldman* doctrine and gave its tentative conclusion that the doctrine appeared to apply here because there had been extensive litigation at the state level, and appeal of those decisions would be proper through state court. In response, Plaintiffs' counsel argued first that Jones had only pursued a writ, in which damages were not available. Second, Plaintiff argued that "the reason why I believe the *Rooker-Feldman* doesn't apply in this case is because we're asking this Court to address a new and different request and that is moving forward that the County of Tulare adopt a new burden of proof and that's clear and convincing because there is going to be a permanent taking." (ECF No. 52 at p. 9:24-10:4.)

The issue became all the more difficult to unravel because of conflicting accounts of the underlying court proceedings. In arguing that the *Rooker-Feldman* doctrine did not apply, Plaintiffs' counsel stated without reservation that Mr. Fabricius had only undergone administrative hearings and has never been in front of a superior court judge. (ECF No. 52 at 11:7-19.) Immediately following, Defense counsel pointed to Exhibit 23 to Defendants' request for judicial notice, which is the 49-page complaint by Mr. Fabricius against the County of Tulare, among others, filed in the Tulare County Superior Court that challenges the County's seizure including on the grounds that it violated Mr. Fabricius constitutional rights. (ECF No. 33-23 at 48; ECF No. 52 at 11:23-12:8). Plaintiffs' counsel also stated that Ms. Jones had never filed any document with the Court of Appeals, (ECF No. 52 at 9:15-22), after which Defense counsel pointed to Exhibit 16 to the Request for Judicial Notice, which is a petition filed in the Court of Appeals 5th Appellate District. (ECF No. 33-16; ECF No. 52, at 12:14-25). This discussion failed to clarify for this Court how the issues were properly before the Court, and cast doubt on the reliability of Plaintiffs' representations.

After further discussion, Plaintiffs' counsel concluded as follows: "Your Honor, that I am requesting that we at least move forward with the two claims, the damages for failing to provide documents pursuant to the FOIA because that wasn't contained in Exhibit 23, as well as the claim that we're requesting this Court today to, to re-review or review the standard of proof as clear and convincing moving forward, moving forward as injunctive relief." (ECF No. 52 at 20:14-20.)

13

After substantial consideration, the Court will grant Defendants' motion to dismiss (although leave to amend differs between the Plaintiffs as described below). Although the exact claims in the FAC are difficult to understand, it is clear that it is challenging the County of Tulare's seizure and subsequent decisions resulting in the detention of Ms. Jones' and Mr. Fabricius animals. The introduction states "This action arises out of illegal and unlawful seizures of animals, and the subsequent deprivation of property rights without due process of law." (ECF No. 17, at p. 2:18-19). The first request for declaratory relief states that "The Animals should be returned immediately to PLAINTIFFS forthwith in good health." (ECF No. 17 at 31:10-11).

It is clear from the record submitted with the motion to dismiss that Plaintiff Jones' substantive claims have been addressed by California Superior Court, which issued a ruling on the petition for writ of administrative manadamus or traditional mandamus against Ms. Jones. (ECF No. 33-19) ("the Court finds that Clyde should be deemed to be a 'dangerous animal' within the criteria set forth in Tulare County Ordinance Code . . . ."). The Court's view is not changed by the fact that Plaintiffs did not request damages (and such damages may not have been available). Ms. Jones raised many, if not all, of the same due process issues in the FAC with superior court and lost. (*See id*.) Thus, it is clear that Ms. Jones is a "state court loser" for purposes of *Rooker-Feldman*. *See Exxon Mobil Corp*., 544 U.S. at 284, 125 S. Ct. at 1521–22, 161 L. Ed. 2d 454 ("The *Rooker–Feldman doctrine* … is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments).

The fact remains that Plaintiff Jones had an opportunity to challenge the administrative proceedings in state court, availed herself of that opportunity, and that any decision by this Court finding in her favor would by necessity run contrary to (i.e. undercut) the state court process. *See Bianchi*, 334 F.3d at 898. If Plaintiff Jones disagreed with the superior court decision, she could have appealed the state appellate court, as it appears she initially, albeit prematurely, did. In other words, to rule on Plaintiffs' claims would act as a *de facto* appeal of that state court decision. Accordingly, the *Rooker-Feldman* doctrine bars subject matter jurisdiction as to Ms. Jones' case.

Plaintiff Jones' claims shall be dismissed without prejudice and without leave to amend. *See Kelly v. Fleetwood Enterprises, Inc*., 377 F.3d 1034, 1036 (9th Cir. 2004) (providing that when the district court lacks subject matter jurisdiction, the claims should be dismissed without prejudice).

Unfortunately, the picture is not quite as clear as to Plaintiff Fabricius. The record shows that he filed a state court complaint on December 6, 2013, against County of Tulare and other defendants in state superior court regarding the seizure of his animals. (ECF No. 33-23.) It is not clear whether any decision was rendered from this case, so that Court cannot determine if Mr. Fabricius was a state court loser, or indeed whether these issues are currently pending in another forum.

Additionally, Mr. Fabricius received a favorable ruling from the Director of Administrative Services on March 26, 2014, overturning the vicious dog determination and directing Mr. Fabricius to "arrange for the return of your dogs to your custody," subject to future compliance with the Tulare rules regarding health and safety. (ECF No. 33-27.) His response to this favorable ruling is entirely undiscussed by all parties. It is not clear to this Court whether Mr. Fabricius' request for return of his dogs is still a ripe issue for this Court in light of the favorable finding below. If Mr. Fabricius did not request return of his animals, it is entirely unclear what relief he seeks and whether he is ultimately challenging health and safety codes governing his property. Quite simply, this administrative appellate decision does not appear to support the facts and causes of action in the FAC.

In any event, it appears that Mr. Fabricius availed himself of state court, and also that he received what appears to be a favorable decision at some point in the state court process. With such questions, it appears likely that any ruling by this Court could run afoul of *Rooker-Feldman,* or alternatively that any ruling could be moot.

This confusion is compounded by the fact that the legal allegations in the FAC are nearly incomprehensible. There are two, separate Plaintiffs with two, separate sets of factual allegations, but the two Plaintiffs are often referred to collectively as the "Plaintiffs" throughout the FAC. There are also 24 Defendants who are similarly referred to in the collective throughout the FAC without any explanation as to who violated Mr. Fabricius' rights and why. The Court is unable to

decipher which allegations pertain only to Mr. Frabricius and what exactly those allegations are. Thus, the allegations in the FAC, as presently structured, do not comport with Rule 8 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964, 167 L. Ed. 2d 929 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).")

For all of these reasons, the Court will dismiss the FAC as to Mr. Fabricius with leave to amend, and permit him thirty days in which to file a Second Amended Complaint. Plaintiff Fabricius' Second Amended Complaint, if he chooses to file one, shall omit all allegations as to Ms. Jones and further comport with the guidance in this order. It shall include a description of why he did not receive his animals following the appellate administrative proceeding, and shall describe with particularity what rights were violated by which specific defendants, as well as what relief he now seeks.[1]

The Court also declines to reach the two limited issues eventually set forth by Plaintiffs' counsel. First, Plaintiff's FOIA cause of action does not state a viable claim under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") statute because Plaintiffs concede that no requests were made to federal agencies and no federal agencies have been named as defendants in this case. (ECF No. 52, pp. 23-34.) It appears, instead, that Mr. Fabricius misconstrued FOIA as some independent right to obtain documents generally from County Officials. Under 5 U.S.C. § 552(a)(4)(B), jurisdiction over FOIA claims is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). Moreover, "FOIA does

---

[1] To the extent Defendants move to dismiss any second amended complaint by Mr. Fabricius on the ground of *Rooker-Feldman*, they may wish to address how the doctrine applies to administrative proceedings. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 477, 103 S. Ct. 1303, 1312, 75 L. Ed. 2d 206 (1983) (providing that whether or not the district court has subject matter jurisdiction to review state court action "depends not upon the character of the body but upon the character of the [state court] proceedings." (citations omitted)). *Cf. Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644, 122 S. Ct. 1753, 1759, 152 L. Ed. 2d 871 (2002) ("The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."). Given the state court ruling against Ms. Jones, the Court did not need to resolve this issue in dismissing her claims, but it may be a ripe issue regarding Mr. Fabricius.

not authorize an award of damages for a violation thereof." *Wren v. Harris*, 675 F.2d 1144, 1147 (10th Cir. 1982) (citing 5 U.S.C. § 552(a)(4)).

Nor will the Court take up the issue in a vacuum whether the standard of proof for animal seizure proceedings should be altered.  Without applying this issue to the underlying dispute over Plaintiffs' animals, it would be an impermissible advisory opinion.  The judicial power of the federal courts extends to "Cases" and "Controversies" pursuant to Article III, Sec. 2 of the United States Constitution. *See* U.S. CONST. ART. III, § 2.  The role of the courts is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies." *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009).

### VII. DEFENDANTS' MOTION FOR SANCTIONS

Defendants have also requested that the Court enter an order imposing sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure. (ECF No. 37.)  Rule 11(b) provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c).  "[T]he district court has wide discretion in

determining what sanctions should be imposed for violation of the Rule [11]…" *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

Defendants argue that sanctions should be imposed for two reasons. First, Defendants state that the alleged facts, legal claims and other contentions in the FAC are not legally supported by existing law. Defendants point out that Plaintiffs failed to inform the Court of the appeals to the California state courts. Defendants further argue that this case is malicious due to number of defendants sued and because it is repetitive of litigation already filed in the underlying state court proceedings.

As the Court made apparent at oral argument, the Court has seriously considered sanctions in this case. Plaintiffs are represented by an attorney. Yet, the FAC does not set forth the facts and claims in a clear legal manner. Instead, it lists various constitutional and legal provisions together in a "kitchen-sink" approach. *See, e.g.*, ECF No. 17, at p. 21, ¶ 76 ("The Country's possession of the Animals as fraudulently induced in violation of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution."). The FAC also includes 24 defendants, including everyone at all connected to the underlying proceedings, without specifying who is liable for which claim. Taken together, Plaintiffs' FAC looks like an attempt to harass the individuals who participated in the seizure of their animals by suing each and every one of them in federal court without cause.

The Court is also concerned by the misstatements regarding the state proceedings below. The FAC contained little to no explanation of the state court filings below. More concerning, as discussed above, Plaintiffs denied filings in state court, only to be contradicted by Defendants' presentation of the state court record. Upon consideration, the Court can perhaps understand that Plaintiffs' representation that Ms. Jones had not filed with the state Court of Appeals was based on the fact that the state appellate court summarily dismissed Plaintiff Jones' case. (ECF No. 33-17.) But the Court can find no justification for Plaintiffs' representing that Mr. Fabricius had never filed a lawsuit in state court in light of his lengthy complaint dated December 6, 2013. (ECF No. 33- 23).

Ultimately, the Court will decline to impose sanctions primarily because Plaintiffs' counsel represented that she had taken this case with very little payment and the Court believes (or at least hopes) that counsel is motivated by a desire to help animals, rather than to harass County officials.  The Court cautions counsel that she is an attorney and held to a high standard to follow the law and conduct herself with integrity.  However, given her financial situation, the Court will decline to impose monetary sanctions.

**VIII.   CONCLUSION**

For the forgoing reasons, the defendants' motion to dismiss (ECF No. 34) is GRANTED and the defendants' motion for sanctions (ECF No. 37) is DENIED.

All claims in the First Amended Complaint pertaining to Plaintiff Wendy Jones are DISMISSED without prejudice and without leave to amend.

All claims in the First Amended Complaint pertaining to Plaintiff William Fabricius are DISMISSED without prejudice and with leave to amend.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Fabricius is granted leave to file a Second Amended Complaint within THIRTY days of this order.

Failure to file an amended complaint within thirty days will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 1, 2016**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE