UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABRICIUS,<br><br>            Plaintiff,<br><br>    vs.<br><br>TULARE COUNTY, *et al.*,<br><br>            Defendant. | **Case No. 1:15-cv-01779-EPG**<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(ECF Nos. 65, 68) |

    Plaintiffs Wendy Jones, William Fabricius and Brian Jones filed their original complaint in this case on November 24, 2015. (ECF No. 1) Although Plaintiffs are represented by an attorney, Christine Louise Garcia, they moved to proceed *in forma pauperis*, which was granted. (ECF No. 8). Plaintiff Brian Jones voluntarily dismissed the case on May 16, 2016, (ECF No. 18). Plaintiff Wendy Jones was dismissed on December 1, 2016. (ECF No. 58.)  A motion to dismiss was granted as to Plaintiff William Fabricius. (*Id.*)  Leave to file a Second Amended Complaint has been granted as to Fabricius only, with a final deadline set to file his amended complaint on May 1, 2017. (ECF No. 67.)

    On February 27, 2017 and March 2, 2017, Plaintiff's counsel Christine Louise Garcia filed a Motion to Withdraw as Counsel of Record for Plaintiff. (ECF Nos. 65, 68.)  No opposition

was filed to the Motion. For the reasons set forth below, the Court GRANTS the Amended Motion to Withdraw as Counsel of Record (ECF No. 68).

## I.  DISCUSSION

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d). Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof'l Conduct 3-700(C)(1)(f). Courts maintain the discretion to grant or deny a motion to withdraw as counsel, however. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

Attorney Garcia has requested permission to withdraw from this case because her withdrawal is mandatory under Rule 3-700 of the California Rules of Professional Conduct, which provides that:

> (B) Mandatory Withdrawal.
>
> A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:
>
> (1) The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or
>
> (2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or

(3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

The Court finds that good cause exists to allow Christine Louise Garcia of the Animal Law Office to withdraw as Plaintiff's counsel of record.  It has been nearly 90 days since Fabricius was granted leave to amend and approximately 60 days since counsel expressed an intention to withdraw.  There is presently no live complaint in this case, and therefore, no action required to be completed for the Defendants at this time.  Plaintiff Fabricius should be aware of the need to file a Second Amended Complaint by May 1, 2017. (ECF No. 67.)  The withdrawal will not unduly prejudice Fabricius, will not harm the administration of justice, and will not cause unnecessary delay in the resolution of the case.

## II.     ORDER

For the reasons set forth above, the Amended Motion to Withdraw as Counsel of Record (ECF No. 68) is GRANTED.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Christine Louise Garcia of the Animal Law Office is relieved as counsel of record for Plaintiff Fabricius. Plaintiff shall be substituted in to proceed in the case *pro se* and all future communications shall be directed to Plaintiff directly at: William Fabricius, 26727 A56 DC, Ducor, California 93218.

2. Within **30 days** after entry of this Order, Christine Louise Garcia of the Animal Law Office shall provide Plaintiff Fabricius with a copy of his complete case file, if she has not already done so.

3. The Clerk is directed to mail Plaintiff Fabricius a copy of this order and the March 1, 2017 order setting a final deadline of May 1, 2017 to file a Second Amended Complaint (ECF No. 67).

4. The Clerk is directed to terminate Brian Jones as a Plaintiff on the docket pursuant to the May 16, 2016 voluntary dismissal. (ECF No. 18.)

---

[1] Because the Motion to Withdraw as Counsel of Record filed on February 27, 2017 requests the same relief as the amended motion, the February 27 motion is denied as moot (ECF No. 65).

The Court recommends that Plaintiff Fabricius retain new counsel to represent him in this litigation. In the event he is unable to do so, Plaintiff Fabricius is responsible for complying with all court rules and applicable laws. Failure to do so, and failure to comply with any order of the court, will result in sanctions or dismissal of this action. Plaintiff is also advised to keep the Court apprised of their current mailing address and telephone number. Failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 7, 2017**                           /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

4