1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**
9                   **EASTERN DISTRICT OF CALIFORNIA**
10

11  WILLIAM FABRICIUS,                          | **Case No. 1:15-cv-01779-EPG**

12              Plaintiff,                        **ORDER DISMISSING SECOND
                                                  AMENDED COMPLAINT WITH LEAVE**
13          vs.                                   **TO AMEND**

14  TULARE COUNTY, *et al*.,                      **THIRTY DAY DEADLING TO FILE AN
                                                  AMENDED COMPLAINT**
15              Defendant.                         (ECF No. 71)
16

17          On May 1, 2017, *pro se* and *in forma pauperis* Plaintiff William Fabricius (hereinafter,

18  "Plaintiff") filed a Second Amended Complaint ("2AC") (ECF No. 71), which is now before the

19  Court for screening.  Plaintiff's 2AC is 56 pages long, names as defendants "Tulare County of:

20  All Principals Agents and Employees," and describes a myriad of complaints stemming from the

21  seizure of dogs from his property.

22          For the reasons described below, this Court dismissed Plaintiff's complaint with leave to

23  amend.  Plaintiff may file an amended complaint within 30 days *limited to twenty pages total* and

24  must name specific individuals as defendants and contain a short and plan statement showing that

25  Plaintiff is entitled to relief.  If Plaintiff fails to either file an amended complaint or comply with

26  the order regarding such a statement, the Court will dismiss his case.

27  \\\

28

                                              1

## I.    BACKGROUND

On November 24, 2015, Plaintiffs Wendy Jones, William Fabricius and Brian Jones filed their original complaint in this case. (ECF No. 1) Although Plaintiffs were represented by an attorney, Christine Louise Garcia, they moved to proceed *in forma pauperis*, which was granted. (ECF No. 8). A First Amended Complaint was filed on May 13, 2016. (ECF No. 17.) After Plaintiff Brian Jones was voluntarily dismissed on May 16, 2016 (ECF No. 18), Wendy Jones and William Fabricius remained as Plaintiffs.

On July, 5, 2016, Defendants responded to the First Amended Complaint by filing a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 34.)  The Court held a motion hearing on October 7, 2016. (ECF No. 50.)  Defendants were represented by counsel, and Plaintiffs Wendy Jones and William Fabricius personally appeared with their counsel.

Defendants' motion to dismiss was granted on December 1, 2016. (ECF No. 58.)  The Court found that it was without jurisdiction to hear Plaintiff Wendy Jones' claims in the First Amended Complaint because it was apparent that she was challenging the outcome of adverse state court decisions on the California state trial and appellate court level, and under the *Rooker-Feld man* doctrine, only the Supreme Court of the United States could possibly have jurisdiction to hear an appeal from an adverse state court decision. (ECF No. 58, pp. 14-15.)  Plaintiff Wendy Jones' claims were dismissed without leave to amend. (*Id*. at 19.)

The motion to dismiss was also granted as to Plaintiff William Fabricius, but with leave to amend. (*Id*. at 15-17.)  Although there were facts suggesting that Fabricius litigated similar issues in state court, it was not entirely clear whether *Rooker-Feldman* also eliminated this Court's jurisdiction to hear Fabricius' claims in the First Amended Complaint. (*Id*.)  Regarding Plaintiff Fabricius' claims, the Court examined the extensive state court record in which Plaintiff challenged seizure of his dogs, including a complaint in County Superior Court and appeal from an administrative hearing.  It appeared that an appeal had ultimately been granted in Plaintiff's favor, finding that his dogs were not in fact dangerous, but that "evidence was provided which raised serious concerns over Mr. Fabricius and his ability to care for, handle and maintain the

2

animals." It appeared from the Court records that Mr. Fabricius was permitted to receive his dogs back so long as he complied with health and safety codes. The state court's opinion concluded by explaining that "judicial review of a decision of the Director of Administrative Services made after a hearing pursuant of this section shall be pursuant to section 1094.6 of the California Code of Civil Procedure . . . ." Additionally, the Court noted that the Superior Court of California case covering these issues appeared to be pending. The Court thus dismissed the case with leave to amend because it appeared that Mr. Fabricius was raising claims that were the subject of state court proceedings, but the Court could not adequately determine the issue due in part of confusion regarding what exactly Plaintiff was seeking and how it related to those proceedings. (ECF No. 58, pp. 8-9.)

Ultimately, the Court concluded that the First Amended Complaint ("FAC"), as structured, was too unorganized and vague for it to reach a firm conclusion as to whether Plaintiff Fabricius, like Wendy Jones, was bringing an impermissible appeal of an adverse state court decision to the federal district court. The Court concluded:

> This confusion is compounded by the fact that the legal allegations in the FAC are nearly incomprehensible. . . . The Court is unable to decipher which allegations pertain only to Mr. Frabricius and what exactly those allegations are. Thus, the allegations in the FAC, as presently structured, do not comport with Rule 8 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964, 167 L. Ed. 2d 929 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).")

> For all of these reasons, the Court will dismiss the FAC as to Mr. Fabricius with leave to amend, and permit him thirty days in which to file a Second Amended Complaint. Plaintiff Fabricius' Second Amended Complaint, if he chooses to file one, shall omit all allegations as to Ms. Jones and further comport with the guidance in this order. It shall include a description of why he did not receive his animals following the appellate administrative proceeding, and shall describe with particularity what rights were violated by which specific defendants, as well as what relief he now seeks.

(ECF No. 58, pp. 15-16.)

\\\

## II.   Plaintiff Fabricius' Second Amended Complaint

Plaintiff filed his second amended complaint, after multiple extensions of time, on May 1, 2017.  (ECF No. 71).  It is 59 pages long.  It lists as defendants: "Tulare County of: All Principals, Agents and Employees."  It appears to have 13 causes of action.  Some claims have labels and some do not.  Almost all of the counts appear to assert violations of the criminal code, such as "First Dog Taken, violation of Title 18—Crimes and Criminal Procedure Sec. 241. Conspiracy against rights and/or 242.  Deprivation of rights under color of law."

The 2AC contains a number of factual assertions that appear to relate primarily to a seizure of Plaintiff's animals and an arrest that occurred while the animals were being seized. Plaintiff also repeatedly complains about post-seizure events related to the administrative hearings concerning his animals and requests for records from local officials.  Plaintiff's 2AC contains the following introduction:

> William's [Plaintiff] Fundamental federal questions is; Whether a District of Columbia political subdivision of the government of the United States that receives federal funding from the District of Columbia passing through the corporate State of California and ending with corporate Tulare County Of: is subject to 100% compliance with laws of the United States and the established court cases of the federal government, United States Supreme Court, and/or Courts of Appeals with respect to the federal requirements to adhere to the following federal questions in accordance with the First Amendment unalienable due process right of notice and opportunity to be heard under federal law.  Since the political subdivisions receive federal funding; receipt of federal funding requires and mandates the political subdivisions to 100% adherence to federal requirements especially in the following issues and question;
>
> William raises the issue(s) in this case by federal questions.  There are several federal questions that Williams raises.  These deal with:
>
> a.    ONE; Certified audiotapes and certified transcripts
>
> b.    TWO: Trespassing on federally protected land patented private land;
>
> c.    THREE: Unlawful/no warrants without sworn affidavits; Miranda Rights;
>
> d.    FOUR: Miranda rights upon arrest; Due Process [part of Bp
>
> e.    /THREE]/Fraud voids/No sheriff present.

1         f.      FIVE: Freedom of Information Act [FOIA]:/ Political subdivisions subject
2                     to federal FOIA requirements; [part of a/]

3         g.      SIX: MISC: Fraud/Rooker-Feldman does not apply when fraud was
    committed; / Fraud of not following federal law and Constitution vitiates any
4   action/no oath to constitution/Constitutional violations/Lack of Vigorous
    representation/Spoliation of the Record/Code Violations/Due process/No Oath to
5   Constitution-Treason-No Authority to Act/

6   (ECF No. 71, pp. 2-3.)

7         Plaintiff's allegations appear to stem from Tulare County's seizure of Plaintiff's animals.

8   In one section of the 2AC, Plaintiff alleges that on April 27, 2013, Tulare Animal control seized

9   eight of Plaintiff's dogs.  Plaintiff claims that the warrant was invalid.  Plaintiff claims that he is

10  permitted to have 25 dogs.  Plaintiff alleges that he sat on the front bumper of the police car for

11  over an hour, which exacerbated certain medical ailments.  He alleges that the handcuffs

12  restricted his blood flow and caused him pain.  He repeatedly alleges that he was not given

13  Miranda rights.

14        Plaintiff alleges that his animals should be returned to him.  He claims "[b]ased upon the

15  hearsay evidence and/or a defective warrant and/or fraudulent testimony and/or no Miranda rights

16  given and/or no audiotapes given, this case is void, null and the County of Tulare should be

17  estoppelled from proceeding in this instant case due to Lack of jurisdiction and/or want of

18  jurisdiction and/or due to fraud upon the court by the court by court officers." (ECF No. 71, p.

19  53.)

20  **III.    Legal Standard**

21        Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

22  to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

23  malicious," or "seek[s] monetary relief against a defendant who is immune from such relief."  If

24  the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.*  Leave to

25  amend may be granted to the extent that the deficiencies of the Complaint can be cured by

26  amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

27        A complaint must contain "a short and plain statement of the claim showing that the

28  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

## IV.    Discussion

### a.    Requirement of a Short and Plain Statement

Federal pleading standards require only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). *See also Iqbal*, 556 U.S. at 663, citing *Twombly*, 550 U.S. at 555.

Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000).

This Court finds that Plaintiff's 2AC violates Rule 8. Plaintiff's complaint is excessive in length. It is difficult to understand. It combines various legal rules, many of which do not apply, with scripture, various facts, and many defendants. It is not clear exactly who Plaintiff alleges violated what right and why. It is not enough that Plaintiff describe a situation where Plaintiff's dogs were taken and then ask this Court to sort out who may have violated a valid constitutional right.

This is especially true in light of the first motion to dismiss.[1] This Court dismissed the first amended complaint because Plaintiff already challenged the seizure of his dogs in California state court, and appears to have won his appeal. As discussed in that order and above, this Court is not an appellate court over state court proceedings. It is also not within this Court's jurisdiction to determine if the County complied with its own local health codes. The Court needs to

---

[1] In its December 1, 2016 order, the Court directed Plaintiff to "include a description of why he did not receive his animals following the appellate administrative proceeding," and directed Plaintiff to "describe with particularity what rights were violated by which specific defendants, as well as what relief he now seeks." (ECF No. 58, p. 16.)

understand exactly what Plaintiff is claiming in order to determine whether this is a proper federal case rather than an improper appeal over a state court action or other non-federal dispute. Moreover, the Court needs to understand what Plaintiff is requesting in light of the decision that Plaintiff could have his dogs returned so long as he complied with local health and safety codes.

Accordingly, the Court will give Plaintiff one more chance to file a complaint that states "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Third Amended Complaint, if Plaintiff files one, is limited to 20 pages total. It can summarize the facts about the arrest and seizure of the dogs. Then it should list each claim against each individual person stating what that person did that violated Plaintiff's legal rights. It should then say what Plaintiff requests. *See Miller v. California Dept. of Corrections and Rehabilitation*, No. 1:12-CV-00353-LJO, 2013 WL 5954803, at *3 (E.D. Cal., Nov. 6, 2013) ("Rule 8(a) is one of the Federal Rules of Civil Procedure. Thus, the federal court has the authority to dismiss a complaint for violation of Rule 8(a) and to set a reasonable limitation on the page length of a pleading. . . . Therefore, the court does not find the Magistrate Judge's dismissal of Plaintiff's Complaint for violation of Rule 8(a), with leave to file an amended complaint not exceeding 25 pages, erroneous or contrary to law.").

Additionally, many of Plaintiff's causes of action are not legally proper. The Court will explain these issues and also provide the legal standards Plaintiff can use in filing a Third Amended Complaint, if he chooses to file one. But if Plaintiff again chooses to file a Third Amended Complaint that is longer than 20 pages or lists a mix of facts, defendants, and laws altogether in a way that does not make clear who violated what legal right and why, the Court will dismiss the case in full.

### b. Appropriate Defendants

Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no *respondeat superior* liability under section 1983. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones,* 297 F.3d at 934. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or

agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ibid.*

Plaintiff must present factual allegations against each individual defendant alleged to have violated his constitutional rights sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss,* 572 F.3d at 969.

### c.  Plaintiff Cannot Sue under Criminal Laws

Plaintiff attempts to bring all of his claims pursuant to Title 18, United States Code, Sections 241 & 242, which are criminal statutes for the federal criminal offenses of "conspiracy against rights" and "deprivation of rights under color of law." *See* 18 U.S.C. §§ 241, 242. These are criminal laws. In other words, these are laws that a criminal prosecutor, such as a United States Attorney or District Attorney, could use to bring a criminal case against someone. But they are not laws that can be enforced by private persons, such as Plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability.").

In addition to 18 U.S.C. §§ 241-242, Plaintiff also repeatedly cites to: 1) *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); 2) the Fourth Amendment exclusionary rule; 3) the fruit of the poisonous tree doctrine; 4) *Nardone v. United States*, 308 U.S. 338, 339, 60 S. Ct. 266, 267, 84 L. Ed. 307 (1939); 5) 18 U.S.C. § 4; and 6) ineffective assistance of counsel. These areas of law are almost exclusively applicable to criminal proceedings and thus, not applicable in the context of a civil lawsuit. For example, if the government brought a criminal case against Plaintiff for violating a criminal law, for example theft, Plaintiff could try to stop the government from using certain evidence against him under these theories. But they do not apply to this sort of case (i.e. a civil lawsuit).

8

1    Private persons, such as Plaintiff, may sue under 18 U.S.C. § 1983 for violations of their

2    civil rights.  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional

3    or other federal rights by persons acting under color of state law. *Nurre v. Whitehead,* 580 F.3d

4    1087, 1092 (9th Cir. 2009); *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir.

5    2006); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002).

6    ### d.  Failure to Give Miranda Warnings Not Actionable in this Context

7    Throughout the 2AC, Plaintiff complains that his rights were violated by Tulare officers'

8    failure to read him his "*Miranda*" rights.  But the failure to recite the rights referred to as

9    "Miranda" does not itself violate Plaintiff's constitutional rights.  Rather (with certain

10   exceptions), the government cannot use statements by a Plaintiff after an arrest against Plaintiff in

11   a criminal proceeding unless *Miranda* warnings were given.  *Miranda v. Arizona*, 384 U.S. 436,

12   86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  In other words, if police officers fail to advise a person

13   of his or her Miranda rights, they do not automatically violate that person's constitutional rights.

14   However, the government will be restricted from using statements from that person to convict that

15   person of a crime.

16   If Plaintiff believes that his constitutional rights were violated related to the failure to be

17   advise of his *Miranda* rights, he needs to explain how the government later used his statements

18   against him in a criminal case despite failing to provide a *Miranda* warning.  *See Chavez v.*

19   *Martinez*, 538 U.S. 760, 770, 123 S. Ct. 1994, 2003, 155 L. Ed. 2d 984 (2003) (citing *Michigan v.*

20   *Tucker*, 417 U.S. 433, 444, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974)).  In other words, because

21   *Miranda* is a procedural mechanism designed to protect a constitutional right, the failure to give

22   *Miranda* warnings, in and of itself, does not necessarily violate an arrestee's Constitutional rights

23   and cannot form the grounds for a § 1983 action. *See Chavez*, 538 U.S. at 772, 123 S. Ct. at 2004,

24   155 L. Ed. 2d 984 (citing *Connecticut v. Barrett*, 479 U.S. 523, 528, 107 S.Ct. 828, 93 L.Ed.2d

25   920 (1987) (*Miranda* 's warning requirement is "not itself required by the Fifth Amendmen[t] ...

26   but is instead justified only by reference to its prophylactic purpose"); *Tucker*, 417 U.S. at 444, 94

27   S. Ct. 2357, 41 L. Ed. 2d 182 (*Miranda's* safeguards "were not themselves rights protected by the

28

9

Constitution but were instead measures to insure that the right against compulsory self-incrimination was protected")).

### e. Denial of Requests for Information from County Officials Not Actionable

Plaintiff repeatedly complains in the 2AC that he requested "audiotapes," "transcripts," and other information from the defendants, but he was unable to obtain the information from the county officials. The mere failure to provide the audiotapes and transcripts requested does not implicate a federal cause of action for violation of a federal right and is not actionable in a Section 1983 case.

Even if Plaintiff made his requests pursuant to the California Public Records Act ("CPRA"), an alleged wrongful denial of such of a request would not equate to a violation of his Constitutional rights. *See Houchins v. KQED, Inc*., 438 U.S. 1, 15, 98 S. Ct. 2588, 2597, 57 L. Ed. 2d 553 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."). In any case, Plaintiff's sole remedy for denial of a proper CPRA request "is to file a writ of mandamus in state court and money damages are not an available remedy." *Brooks v. Vallejo City Unified Sch. Dist*., No. 2:12-CV-1466-GEB-EFB, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013) (citing Cal. Gov't Code §§ 6258, 6259(d)), *report and recommendation adopted sub nom. Brooks v. Vellejo City Unified Sch. Dist*., No. 2:12-CV-1466-GEB, 2013 WL 1330516 (E.D. Cal. Mar. 29, 2013).

A violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, could state a federal claim. *See 5 U.S.C. § 552(f). See also Applegate v. California Dep't of Corr.,* No. 1:13-CV-01787-AWI, 2013 WL 6623822, at *2 (E.D. Cal. Dec. 16, 2013) (citing *St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1373 (9th Ci r.1981) (FOIA "does not encompass state agencies or bodies"); *Kerr v. United States Dist. Court for N. Dist. Of California,* 511 F.2d 192, 197 (9th Cir. 1975) (explaining the purpose of FOIA was "to expand the access of the public to official records of federal agencies"). However, no federal agencies have been implicated in this case and no federal agencies are named as defendants. Thus, FOIA is inapplicable.

1          **f.    Violation of California Rules of Professional Conduct Not Actionable**

2          Plaintiff alleges violations of Rule 5-200 of the California Rules of Professional Conduct

3     throughout the 2AC.  The punishment for violation of the Rules of Professional Conduct is a

4     matter within the purview of the State Bar, not of a court presiding over the affected case. *See*

5     *United States v. Sierra Pac. Indus.*, 857 F. Supp. 2d 975, 984 (E.D. Cal. 2011) (citations omitted.)

6     Accordingly, Plaintiff cannot state a cause of action for perceived violation(s) of the California

7     Rules of Professional Conduct.

8          **g.    Judges and Judicial Officers Immune from Liability**

9          Plaintiff attempts to bring certain claims against judges and judicial officers.[2]  "Judges are

10    absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr.*

11    *Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher*, 80 U.S.

12    (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18

13    L.Ed.2d 288 (1967) (applying judicial immunity to § 1983 action)). "A judge will not be deprived

14    of immunity because the action he took was in error, was done maliciously, or was in excess of

15    his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of

16    all jurisdiction.' " *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–

17    05, 55 L.Ed.2d 331 (1978) (citing *Bradley*, 80 U.S. (13 Wall.) at 351, 20 L.Ed. 646)). "Absolute

18    judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all

19    claims relating to the exercise of judicial functions.'" *In re Castillo*, 297 F.3d at 947 (quoting

20    *Burns v. Reed*, 500 U.S. 478, 499, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (Scalia, J., concurring

21    in part and dissenting in part)).

22         Thus, if a Judge made a legal mistake, it could be a proper subject of appeal of that

23    Judges' ruling.  But it would not form a basis to sue that Judge.

24         **V.     Additional Legal Standards**

25         Below the Court will set forth certain legal standards that could apply to situations where

26    a person has been arrested unlawfully.  The Court is not finding that a claim exists here, and there

27

28         [2] The IFP statute specifically requires dismissal of any claim that seeks monetary relief against a defendant
      who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

1   would still be a question of whether Plaintiff has already pursued such claims in state court

2   subject to a state appeal.  Nevertheless, the Court provides these standards to assist Plaintiff in

3   determining whether he has a viable claim to assert in an amended complaint.

### a.  Unlawful Seizure

5       As a starting point, Plaintiff alleges that Tulare County officers lacked authority to seize

6   his animals due a defective warrant.  A claim alleging a violation of a person's Fourth

7   Amendment right proscribing against unreasonable searches and seizures is actionable in a

8   Section 1983 case. *See Graham v. Connor*, 490 U.S. 386, 390, 109 S. Ct. 1865, 1868–69, 104 L.

9   Ed. 2d 443 (U.S. 1989).  "The Fourth Amendment states unambiguously that 'no Warrants shall

10  issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the

11  place to be searched, and the persons or things to be seized.'" *Groh v. Ramirez*, 540 U.S. 551,

12  557, 124 S. Ct. 1284, 1289, 157 L. Ed. 2d 1068 (2004) (quoting U.S. Const., Amdt. 4).  "[I]n the

13  ordinary case, seizures of personal property are unreasonable within the meaning of the Fourth

14  Amendment ... unless ... accomplished pursuant to a judicial warrant issued by a neutral and

15  detached magistrate after finding probable cause[.]" *Menotti v. City of Seattle*, 409 F.3d 1113,

16  1154 (9th Cir. 2005) (quoting *Illinois v. McArthur*, 531 U.S. 326, 330-31, 121 S.Ct. 946, 148

17  L.Ed.2d 838 (2001) (internal quotation marks omitted)).  "The Fourth Amendment by its terms

18  requires particularity in the warrant, not in the supporting documents." *Groh,* 540 U.S. at 557,

19  124 S. Ct. at 1289  (citing *Massachusetts v. Sheppard*, 468 U.S. 981, 988, n. 5, 104 S.Ct. 3424, 82

20  L.Ed.2d 737 (1984) ("[A] warrant that fails to conform to the particularity requirement of the

21  Fourth Amendment is unconstitutional"); *United States v. Stefonek*, 179 F.3d 1030, 1033 (C.A.7

22  1999) ("The Fourth Amendment requires that the *warrant* particularly describe the things to be

23  seized, not the papers presented to the judicial officer ... asked to issue the warrant" (emphasis in

24  original))).

### b.  Unlawful Arrest

26      Next, Plaintiff alleges that he was unlawfully detained during the seizure of his animals

27  from his property.  "A claim for unlawful arrest is cognizable under § 1983 as a violation of the

28  Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey*

12

*v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of S.F.*, 266

F.3d 959, 964 (9th Cir. 2001)). "Probable cause exists when there is a fair probability or

substantial chance of criminal activity." *Ibid.* (quoting *United States v. Patayan Soriano*, 361 F.3d

494, 505 (9th Cir.2004) (quoting *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001))

(internal quotation marks omitted). "There is probable cause for a warrantless arrest and a search

incident to that arrest if, under the totality of the facts and circumstances known to the arresting

officer, a prudent person would have concluded that there was a fair probability that the suspect

had committed a crime." *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (quoting

*United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984)). "[W]arrantless arrests for

crimes committed in the presence of an arresting officer are reasonable under the Constitution."

*Virginia v. Moore*, 553 U.S. 164, 176, 128 S. Ct. 1598, 1607, 170 L. Ed. 2d 559 (2008).

### c. **Unreasonable Force**

Plaintiff further alleges that officers caused him harm by using unnecessary force during

his detention. A claim of excessive force in the course of making an arrest may be brought as a

claim under 42 U.S.C. § 1983. This claim is properly analyzed under the Fourth Amendment's

objective reasonableness standard. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Graham v. Connor*,

490 U.S. 386 (1989). This assessment involves determining whether the force was objectively

reasonable "in light of the facts and circumstances confronting [the officer], without regard to

their underlying intent or motivation." *Graham*, 490 U.S. at 397. "Determining whether the force

used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful

balancing of the nature and quality of the intrusion on the individual's Fourth Amendment

interests against the countervailing governmental interests at stake." *Gregory v. County of Maui*,

523 F. 3d 1103, 1106 (9th Cir. 2008), *quoting Graham v. Connor*, 490 U.S. at 396. The factors

the court may consider in this analysis are: 1) "the severity of the crime at issue"; 2) "whether a

suspect poses an immediate threat to the safety of the officer or others"; and 3) whether the

suspect "is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at

396; *Mattos v. Agarano,* 661 F.3d 433, 441 (9th Cir. 2011) ("[t]hese factors, however, are not

1    exclusive. Rather, we examine the totality of the circumstances and consider 'whatever specific

2    factors may be appropriate in a particular case, whether or not listed in *Graham*'").

3                    **d.  Due Process**

4           Finally, Plaintiff repeatedly complains that his due process rights were violated by the

5    procedures utilized by Tulare County in seizing and ultimately euthanizing his animals.  A

6    procedural due process claim is cognizable in a Section 1983 case.  "To obtain relief on a

7    procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or

8    property interest protected by the Constitution; (2) a deprivation of the interest by the

9    government; and (3) lack of process.'" *Stamas v. Cnty. of Madera*, 795 F.Supp.2d 1047, 1077

10   (E.D. Cal. 2011), *quoting Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). "[P]rocedural

11   due process claims do not 'deal with the substance of the challenged decisions, but with the

12   process by which they were reached'." *Id.*, *quoting Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260

13   (9th Cir. 1994). "The due process clause does not prohibit every deprivation by the state of an

14   individual's property.  Only those deprivations carried out without due process are actionable

15   under 42 U.S.C. § 1983." *Halverson*, 42 F.3d at 1260. "'Ordinarily, due process of law requires

16   [notice and] an opportunity for some kind of hearing *prior* to the deprivation of a significant

17   property interest.'" *Id.*

18   **A.   ORDER**

19          The Court will provide Plaintiff a final opportunity to amend the Complaint to address the

20   issues identified above.  If Plaintiff chooses to file a Third Amended Complaint, it must bear the

21   docket number assigned in this case and be labeled "Third Amended Complaint."  As a general

22   rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d

23   896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal).  In other

24   words, the amended complaint must be "complete in itself without reference to the prior or

25   superseded pleading." Local Rule 220.

26          Because Rule 8(a) requires a short and plain statement of the claim, twenty (20) pages are

27   sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.

28   In order to comply with this limitation, Plaintiff is directed to closely review the guidance given

                                    14

by the Court in this order and omit any non-actionable allegations and other irrelevant material from his amended complaint. Accordingly, Plaintiff's amended complaint may not exceed twenty pages in length. Failure to follow this directive may result in dismissal of this case.

For the reasons set forth above, Plaintiff's Second Amended Complaint (ECF No. 71) is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file a Third Amended Complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **30 days from the date of this order**.

Failure to file Third Amended Complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated: __**June 19, 2017**__        /s/ _Erin P. Grop_

UNITED STATES MAGISTRATE JUDGE