# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABRICIUS,<br><br>    Plaintiff,<br><br>v.<br><br>TULARE COUNTY, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-01779-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN DEFENDANTS BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE**<br><br>(ECF No. 92)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff William Fabricius, proceeding *pro se* and *in forma pauperis*, filed a Third Amended Complaint ("3AC") in this action on July 24, 2017. (ECF No. 75). On July 31, 2017, the Court issued an order directing Plaintiff to complete and submit service documents for any defendants listed in his 3AC who were not previously served in the action. (ECF No. 76.) On October 25, 2017, Plaintiff submitted service documents for 18 defendants, including Valeriano Saucedo, Thomas Elliott Hornburg, Ralph Mario Agnello, Cecile F. Shaffer, Kathleen Marie Bales-Lange, Lisa Marie Tennenbaum, and Zendajas ("the unserved defendants"). (ECF No. 91). Plaintiff indicated that the defendants could be located at the address of the County of Tulare. *Id.* On October 30, 2017, the Court directed the United States Marshal Service ("the Marshal") to serve process upon the 18 defendants.

1

1 On October 31, 2017, the summonses for the unserved defendants were returned unexecuted because the Marshal was unable to locate the defendants. (ECF Nos. 93, 94, 95). The Marshal stated that the County of Tulare would not accept service for Valeriano Saucedo, Thomas Elliott Hornburg, Ralph Mario Agnello, and Zendajas because they are not County employees, and would not accept service for Kathleen Marie Bales-Lange and Lisa Marie Tennenbaum because they retired without providing a forwarding address to the County.

Plaintiff has not otherwise provided proof of service of process for the unserved defendants.

## II. SERVICE BY THE UNITED STATES MARSHAL SERVICE

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-1422 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "Although a plaintiff . . . proceeding *in forma pauperis* may rely on service by the Marshal, the plaintiff may not remain silent and do nothing to effectuate such service; rather, at a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which he has knowledge." *Harbridge v. Hall, Lee, & Tucker*, No. 110-CV-00473-DAD-JLT, 2017 WL 1821282, at *2 (E.D. Cal. May 5, 2017) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) (internal quotations marks and alterations omitted).

## III. ANALYSIS

The return of service filed by the Marshal on October 31, 2017, indicates that the

Marshal attempted to serve process upon the unserved defendants. (ECF Nos. 93, 94, 95). In addition, the Marshal certified that it was unable to locate the unserved defendants. *Id*.

It has now been more than ninety days since the Court directed service of process on the eighteen defendants, and Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of process. Plaintiff, thus, has failed to serve Valeriano Saucedo, Thomas Elliott Hornburg, Ralph Mario Agnello, Cecile F. Shaffer, Kathleen Marie Bales-Lange, Lisa Marie Tennenbaum, and Zendajas within the time period required by Federal Rule of Civil Procedure 4(m). Accordingly, the Court recommends that the unserved defendants be dismissed from this action, without prejudice.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Valeriano Saucedo, Thomas Elliott Hornburg, Ralph Mario Agnello, Cecile F. Shaffer, Kathleen Marie Bales-Lange, Lisa Marie Tennenbaum, and Zendajas be dismissed from this action because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint upon these defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **fourteen (14) days** after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections.

\\\
\\\
\\\

3

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 1, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE