# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABRICIUS,<br><br>    Plaintiff,<br><br>v.<br><br>TULARE COUNTY, *et al.*,<br><br>    Defendants. | Case No. 1:15-cv-01779-EPG<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS** |

## I. INTRODUCTION

On November 24, 2015, William Fabricius ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On July 24, 2017, Plaintiff filed a Third Amended Complaint ("3AC") against numerous employees and affiliates of the County of Tulare, California. (ECF No. 75). On September 1, 2017, and September 29, 2017, Defendants moved to dismiss the 3AC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF Nos. 78, 88). On March 14, 2018, the matter was referred to Magistrate Judge Erica P. Grosjean pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 105).

On March 16, 2018, Magistrate Judge Grosjean issued findings and recommendations that the motions for dismissal be granted and that all claims and defendants be dismissed, except for Plaintiff's claim of unreasonable force against Tulare County Sheriff Officers Bradley McLean and Lance Heiden ("Defendants"). (ECF No. 106). The findings and recommendations were served on the parties with instructions to file any objections within twenty-one days. On April 9,

2018, Plaintiff filed his objections to the findings and recommendations. (ECF No. 108). On March 20, 2018, Defendants filed objections to the findings and recommendations, raising the affirmative defense that the claims of unreasonable force are barred by the applicable statute of limitations. (ECF No. 107).

On May 10, 2018, the assigned district judge adopted the findings and recommendations and declined to address the newly-raised affirmative defense that the claims of unreasonable force are barred by the applicable statute of limitations. (ECF No. 109).

Plaintiff alleges in this action that McLean and Heiden used excessive force in the course of arresting him on April 27, 2013. Defendants argue that Plaintiff's claims of unreasonable force are barred by the applicable two-year statute of limitations. Defendants contend that Plaintiff initiated this lawsuit on November 24, 2015; but, Plaintiff did not name them in this action until the filing of his Second Amended Complaint on May 1, 2017, (ECF No. 71), more than four years after the events in this action. (ECF No. 107). Defendants further contend that no basis exists for tolling of the statute of limitations.

**II.      STATUTE OF LIMITATIONS**

Federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048; *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Fink*, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. *See Jones*, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1. In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). The

personal disabilities tolling statutes of limitation are enumerated in sections 352, 352.1, 353, and 354 the California Code of Civil Procedure.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1230 (9th Cir. 1984); *Levald, Inc. v. City of Palm Desert*, 988 F.2d 680, 686-87 (9th Cir. 1993).

Here, it appears from the court's records, including Defendant's objections to the findings and recommendations, that Plaintiff's claims are barred by the applicable statute of limitations. Therefore, the Court will issue an order to show cause, allowing Plaintiff the opportunity to show why this case should not be dismissed as barred by the statute of limitations.

## III. CONCLUSION AND ORDER TO SHOW CAUSE

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response showing why this action should not be dismissed as barred by the applicable statute of limitations.

Failure to comply with this order shall result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **June 29, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE