# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABRICIUS,<br><br>Plaintiff,<br><br>v.<br><br>TULARE COUNTY, *et al.*,<br><br>Defendants. | Case No. 1:15-cv-01779-LJO-EPG<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS**<br><br>(ECF No. 113) |

**I.     BACKGROUND**

On November 24, 2015, William Fabricius ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983 against numerous defendants alleging constitutional violations in connection with the seizure of twenty-five dogs. (ECF No. 1.) On May 13, 2016, Plaintiff filed a First Amended Complaint. (ECF No. 17.) On July 5, 2016, the defendants filed a motion to dismiss. (ECF No. 34.) On December 7, 2016, the Court granted defendants' motion to dismiss, but granted Plaintiff leave to amend his complaint within thirty days. (ECF No. 58.)

On December 28, 2016, Plaintiff filed a motion for a 60-day extension of the time within which to file a second amended complaint, (ECF No. 62), which the Court granted, (ECF No. 53). On February 27, 2017, Plaintiff again requested a 60-day extension of time to file a second

1

amended complaint. (ECF No. 64.) The Court again granted the motion, setting a final deadline to file a second amended complaint. (ECF No. 67.)

On May 1, 2017, Plaintiff filed his Second Amend Complaint. (ECF No. 71.) On June 19, 2017, pursuant to 28 U.S.C. § 1915, the Court screened and dismissed the Second Amended Complaint with leave to amend. (ECF No. 74.)

On July 24, 2017, Plaintiff filed his Third Amended Complaint, the operative complaint, alleging thirteen enumerated claims against over thirty defendants. (ECF No. 75.) The operative complaint listed over eighteen new defendants. *Id.* On August 1, 2017, the Court directed Plaintiff to submit documents for service of the new defendants by the United States Marshals Service within thirty days. (ECF No 76.) Plaintiff failed to timely submit the documents.

On September 15, 2017, the Court issued an order to show cause, directing Plaintiff to show cause why his claims against the new defendants should not be dismissed for his failure to comply with the Court's order. (ECF No. 81.) On September 18, 2017, Plaintiff filed a motion for a 30-day extension of time to comply with the Court's service order, (ECF No. 82), which the Court granted. (ECF No. 83). Plaintiff submitted service documents for the new defendants on October 25, 2017. (ECF No. 91.)

On September 1, 2017, and September 29, 2017, Defendants moved to dismiss the operative complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 78, 88). On March 15, 2018, this Court issued findings and recommendations, recommending the dismissal of all claims and defendants, except Plaintiff's claims for unreasonable force against Tulare County Sheriff Officers Bradley McLean and Lance Heiden (collectively, "Defendants"). (ECF No. 106.) On March 20, 2018, Defendants filed objections to the findings and recommendations. (ECF No. 107.) Defendants argued for the first time that Plaintiff's claims for unreasonable force are barred by the applicable statute of limitations. *Id.* On May 10, 2018, the district judge assigned to this action declined to address the newly-raised defense and adopted the findings and recommendations. (ECF No. 109.) The district judge also referred the matter to this Court for further proceedings. *Id.*

On June 29, 2018, this Court issued an order directing Plaintiff to show cause within 30

days why this action should not be dismissed as barred by the applicable statute of limitations. (ECF No. 110.).

On August 1, 2018, Plaintiff filed a request for an extension of the deadline to respond to the order to show cause. (ECF No. 111.) Plaintiff stated that he was injured in a house fire that destroyed his home and possessions, and requested a 90-day extension. On August 7, 2018, finding good cause, the Court granted the request for an extension, and direct Plaintiff to file a response to the order to show cause by November 1, 2018. (ECF No. 112.) The order also provided, "Failure to file a response in compliance with this order and the Order to Show Cause, (ECF No. 110), shall result in the dismissal of this case."

## II. RULING ON MOTION FOR EXTENSION

Now before the Court is Plaintiff's second request for an extension of time to respond to the order to show cause. (ECF No. 113). Plaintiff requests an extension of an additional 90 to 120 days, and states, "I am still receiving medical treatment for my burns and other medical needs that also includes the American Disabilities Act protection. I am a veteran of war." *Id.*

The Court declines to grant Plaintiff a further extension of time. The Court has already granted a long extension of time for this same reason. Plaintiff does not indicate any information that is forthcoming that will address the statute of limitations issue. Plaintiff also does not provide any evidence that he is physically unable to prosecute this action at this time.

This action has been pending for three years. During those three years, Plaintiff has filed four complaints, and has had ample opportunity to have his case heard. Defendants have raised what appears to be a valid defense and the Court has provided Plaintiff with an extensive opportunity to respond. Plaintiff cannot continue to delay resolution of this matter.

Accordingly, the Court does not find good cause to extend the deadline to respond to the order to show cause. Plaintiff must file a response to the order to show cause, (ECF No. 110), by no later than November 1, 2018 as previously ordered.

\\\
\\\
\\\

Failure to file a response to the order to show cause by November 1, 2018 shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **October 18, 2018**  /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE